IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UFCW LOCAL 1776 and                   :        CIVIL ACTION
PARTICIPATING EMPLOYERS HEALTH         :
AND WELFARE FUND, et al.               :
                                       :
          v.                           :
                                       :
MARIE A. DEBOER, et al.                :        NO. 07-cv-00738-JF

<u>MEMORANDUM AND ORDER</u>

Fullam, Sr. J.                                          September 25, 2008

   Plaintiff in this action is a welfare fund, acting through its 15-member board of trustees.  Unfortunately, the pleadings and the docket in this case have been unnecessarily lengthened by inclusion of each of the 15 trustees as a plaintiff.  For convenience, plaintiff will hereafter be referred to as "the Fund."

   The defendants are Marie A. DeBoer, a beneficiary of the Fund, and her attorneys, Brett Tessler, Esquire and his firm.

   Ms. DeBoer was involved in two automobile accidents in 2002 – a relatively minor one on May 10, 2002, and a much more serious one on July 7, 2002.  As a participant in the Fund, she was entitled to, and received, benefits from the Fund.  Under the terms of the plan, the Fund was entitled to subrogation with respect to any reimbursement Ms. DeBoer succeeded in obtaining from third parties in connection with her accidents.  On her behalf, the defendant attorneys made claims against third parties and underinsured motorist policies, and obtained substantial recoveries.  Plaintiff's subrogation claim has not yet been paid.

On May 28, 2002, Ms. DeBoer signed two documents at the request of the plaintiff: a detailed acknowledgment that, if she made claims against others in connection with the automobile accidents, and received payment, Ms. DeBoer was obliged to repay the benefits thus far received; and a separate document in which Ms. DeBoer purported to assign to plaintiff all claims she might have against third parties in connection with the automobile accident.  Plaintiff has repeatedly informed defendants of the execution of the subrogation agreement, and of the terms of the plan in that regard, but, so far as the record discloses, has not heretofore informed the defendant attorneys of the purported assignment of the claims.  So far as the record discloses, plaintiff has never sought to assert against third parties its purported rights as assignee.

When negotiations between the attorney-defendants and the plaintiff concerning a possible settlement of plaintiff's subrogation claim failed, Ms. DeBoer demanded her share of the settlement, and the attorney defendants paid over to her the amounts they had recovered, less their counsel fees and expenses. In doing so, they carefully notified Ms. DeBoer of her obligation to repay the plaintiff's subrogation claim, and obtained from Ms. DeBoer an agreement to indemnify them against any claims which might ensue because they had paid over the proceeds to her.  The present lawsuit followed.

Plaintiff has obtained a default against Ms. DeBoer, who has failed to respond to the complaint. The defendant attorneys do not purport to represent Ms. DeBoer in the present case. The issues now before the court have to do with whether the plaintiff has valid claims against the defendant attorneys. The parties have filed what amount to cross-motions for summary judgment.

I.  Claims Under ERISA

I have no difficulty in concluding that plaintiff's claims against Ms. DeBoer are the only ones which arise under the ERISA statute itself. Plaintiff is alleging that the terms of the plan have been violated, but the defendant attorneys are not signatories to the plan and are not directly bound by its terms. Neither are they ERISA fiduciaries, since they do not hold, and have never held, any of the plan's assets, and are not involved in its management. Plaintiff's claims against the defendant attorneys arise under state law.

II.  Claims Under State Law

Viewed most favorably to plaintiff's position, the record can be viewed as establishing: (1) Ms. DeBoer had a contract with plaintiff, under which she was obligated to pay over to plaintiff the settlement funds she received. On this record, the attorney-defendants have done nothing to interfere with that contractual obligation. The attorneys cannot properly

be regarded as having willfully interfered with plaintiff's rights under the contract, merely because they have not caused Ms. DeBoer to comply with her obligations.  On this record, the attorneys' obligations were to their client, Ms. DeBoer, not to the Fund.

This case is easily distinguishable from the case principally relied upon by the plaintiff, Greenwood Mills, Inc. v. Burris, et al., 130 F. Supp. 2d 949 (M.D. Tenn., 2001), where attorneys were held liable for non-recognition of a subrogation claim under Tennessee law.  In that case, the attorneys had caused their client to lie about the third-party recovery, and had misrepresented it to the subrogation claimant.  Moreover, the case was decided under Tennessee law, which apparently differs from the law of Pennsylvania.  In my view, the present case is governed by the decisions of the Pennsylvania Superior Court in CNA Ins., et al. v. Ervin E. Ellis, Esq., et al. (Pa. Super. Aug. 31, 2000), and Janson v. Cozen and O'Connor, 676 A.2d 242 (Pa. Super. 1996); these cases clearly held that attorneys are not liable to subrogation claimants under these circumstances.  Nor can the attorneys be liable for conversion.  Plaintiff's entitlement to the money in question did not arise until Ms. DeBoer received the funds.  The motion of the attorney-defendants will be granted.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UFCW LOCAL 1776 and              :    CIVIL ACTION
PARTICIPATING EMPLOYERS HEALTH   :
AND WELFARE FUND, et al.         :
                                 :
          v.                     :
                                 :
MARIE A. DEBOER, et al.          :    NO. 07-cv-00738-JF
```

ORDER

AND NOW, this 25th day of September 2008, IT IS ORDERED:

Plaintiff's claims against the defendants Brett Tessler and the firm are DISMISSED with prejudice.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.